J-S47024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SABREE BURKE | : | |
| | : | |
| Appellant | : | No. 1495 EDA 2024 |

Appeal from the PCRA Order Entered April 29, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007990-2019

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MARCH 21, 2025**

Sabree Burke appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. Counsel has filed a motion to withdraw and a **Turner**/**Finley** no-merit letter.[1] For the reasons that follow, we reverse the order denying post-conviction relief and deny counsel's motion to withdraw.

The pertinent facts and procedural history are as follows: On November 4, 2021, Burke entered an open guilty plea to possession with intent to deliver approximately 114.75 grams of heroin and firearm violations. On May 6, 2022, the trial court imposed an aggregate sentence of ten to twenty years in

_____

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

prison. Plea counsel, who was privately-retained, did not file any post-sentence motions, but he did file a notice of appeal on Burke's behalf.

Thereafter, the trial court ordered plea counsel to file an Appellate Rule 1925(b) statement of matters complained of on appeal. Plea counsel responded by filing a motion to stay the order directing him to file the statement pending a motion to withdraw which he intended to file with this Court. The trial court ordered plea counsel to file the Rule 1925(b) statement by August 15, 2022.

We docketed Burke's appeal at No. 1536 EDA 2022 on June 23, 2022. That same day, plea counsel filed with this Court a motion to withdraw as counsel for Burke and a motion to stay the appellate deadlines. On July 18, 2022, this Court granted plea counsel's motion to withdraw and remanded the case to determine whether Burke was eligible for the appointment of counsel.

On August 29, 2022, the trial court determined that Burke was eligible for appointed appellate counsel. The trial court ordered appellate counsel to file a Rule 1925(b) statement. On November 2, 2022, appellate counsel filed a motion for extension of time to file a Rule 1925(b) statement, which the trial court granted. Appellate counsel was to file the Rule 1925(b) statement no later than January 6, 2023. Counsel never filed a Rule 1925(b) statement with the trial court.

Meanwhile, on November 3, 2022, this Court ordered appellate counsel to file a docketing statement pursuant to Appellate Rule 3517 by November

14, 2022. Appellate counsel failed to do so. On December 5, 2022, this Court dismissed the appeal due to appellate counsel's failure to file a docketing statement.

On November 30, 2023, Burke filed a timely PCRA petition, and the PCRA court appointed current counsel. After being granted a time extension, current counsel filed an amended petition raising two claims: 1) a genuine issue of fact existed regarding whether Burke asked plea counsel to file a post-sentence motion; and 2) whether appellate counsel was ineffective *per se* for failing to perfect Burke's direct appeal. On March 28, 2024, the Commonwealth filed its answer. As to the first claim, the Commonwealth agreed an evidentiary hearing should be held regarding plea counsel's alleged failure to file the requested post-sentence motion. As to the second claim, while it stated the dismissal of Burke's appeal was "unfortunate," Burke was not entitled to relief because he could not prove that he was prejudiced under the traditional three prong ineffectiveness test. **See** Answer, 3/28/24, at 6-7.

The PCRA court held an evidentiary hearing on April 24, 2024. Both Burke and plea counsel testified and presented conflicting testimony regarding whether Burke requested a post-sentence motion. By order entered April 29, 2024, the PCRA court denied Burke's amended petition. This appeal followed.

Before we address the merits of the issues Burke wishes to raise on appeal, however, we must first determine whether PCRA counsel's filing

complies with the procedural requirements of **Turner** and **Finley**. A **Turner**/**Finley** "no merit" letter must:  (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless.  **Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019) (citation omitted).  "Counsel must also send a copy of the [letter] to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel."  **Id.**  If these requirements are met, "we then conduct an independent review of the petitioner's issues."  **Id.**

Here, current counsel has substantially complied with the **Turner**/**Finley**  requirements. Counsel included a copy of a letter he addressed to Burke informing him of counsel's motion to withdraw, attaching a copy of his no-merit letter, and explaining to Burke his right to retain private counsel or proceed *pro se*.  Given current counsel's  compliance, we must now determine if counsel's assessment of Burke's appeal is supported by the record.

According to current counsel, Burke wished to raise the two claims he raised in his amended petition—that plea counsel was ineffective for failing to file a post-sentence motion, and that appellate counsel was ineffective for failing to perfect his direct appeal.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Both of Burke's claims involve the ineffectiveness of counsel. As our Supreme Court has summarized:

> In Pennsylvania, we have set forth the [ineffectiveness] standard as a three-part test, requiring an accused to show that (1) his underlying claim is of arguable merit; (2) counsel's action or inaction lacked a reasonable strategic basis; and (3) but for counsel's conduct, there is reasonable probability that the outcome of the proceedings would have been different. However, in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted.

***Commonwealth v. Rosado***, 150 A.3d 425, 429 (Pa. 2016).

In the first issue Burke wishes to raise, he claims that plea counsel was ineffective for failing to comply with his request that counsel file a post-sentence motion. As noted above, at the evidentiary hearing the PCRA court heard conflicting testimony from Burke and plea counsel regarding whether Burke asked counsel to file the post-sentence motion. In its order denying post-conviction relief, the PCRA court specifically credited counsel's testimony that Burke did not direct him to file a post-sentence motion. Order, 4/29/24, at 2. As a matter of credibility, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. ***See***

*Commonwealth v. Dennis*, 17 A.3d 297, 305 (Pa. 2011) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal). Thus, the first issue Burke wishes to raise on appeal is frivolous.

The second issue Burke wishes to raise is that appellate counsel was ineffective because his failure to file a docketing statement caused Burke's direct appeal to be dismissed. Both the PCRA court and current counsel contend that this claim has no merit because, given that Burke did not ask plea counsel to file a post-sentence motion, even if appellate counsel had perfected and pursued the appeal, the only claim that he wanted to raise, a discretionary sentencing claim, was not preserved for appeal. We disagree.

In his response to counsel's no-merit letter, Burke contends that, because appellate counsel was ineffective *per se*, prejudice is presumed. Response, 1/31/25, at 4 (unnumbered) (citing *United States v. Cronic*, 466 U.S, 648 1984). Burke is correct.

The Pennsylvania Supreme Court has held that, in cases where a merits review is completely foreclosed, the accused's attorney's error amounts to a constructive denial of counsel in the context of an appeal. *Rosado*, 150 A.3d at 430. Such denial violates the accused's Article V, section 9, Pennsylvania constitutional right to appeal. *See Commonwealth v. Wilkerson*, 416 A.2d 477, 499 (Pa. 1980) (holding an accused has an absolute right to appeal and counsel can be faulted for allowing that right to be waived).

In *Rosado*, our Supreme Court addressed the situation of whether appellate counsel's decision to abandon three of the claims preserved for appeal and instead raise an unpreserved sufficiency challenge constituted ineffectiveness *per se*. In deciding this issue, the high court first discussed cases where counsel's failure to file an appeal, or the documents necessary to perfect an appeal, resulted in the complete denial of merits review and, therefore, constituted *per se* ineffectiveness. For example, in *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999), counsel failed to file an appeal even though the defendant requested him to do so. In *Commonwealth v. Liebel*, 825 A.2d 630 (Pa. 2003), the high court extended its holding in *Lantzy* to the counsel's failure to file a requested petition for allowance of appeal to the Supreme Court. Finally, in *Commonwealth v. Halley*, 870 A.2d 795 (Pa. 2005), the high court determined ineffectiveness *per se* occurred where counsel failed to "perfect" the defendant's appeal by not filing a court-ordered Rule 1925(b) statement; this inaction resulted in the waiver of all claims and left the defendant "without an ability to challenge his conviction and sentence by means of the direct appeal." *Halley*, 870 A.2d at 800.

After citing these cases, the high court in *Rosado* also found *per se* ineffectiveness where counsel briefed only unpreserved issues:

> [T]he filing of a brief that raises only waived issues, while technically distinct, is nonetheless akin to failing to file documents perfecting an appeal. There is no meaningful difference between an attorney who fails to file a notice of appeal, Rule 1925(b) statement, brief, or petition for

allowance of appeal—thereby forfeiting his client's right to an appeal—and one who makes all necessary filings, but does so relative solely to claims he has not preserved for appeal, producing the same end. In both situations, counsel has forfeited all meaningful appellate review.

*Rosado*, 150 A.3d at 434. After finding counsel was ineffective *per se*, the high court vacated the Superior Court's order affirming Rosado's judgment of sentence, and remanded to that court for further proceedings consistent with its opinion. *Id.* at 435.[2]

Here, the facts are akin to *Halley*. Burke's appellate counsel failed to file the required docketing statement to perfect Burke's appeal. This led to the quashal of Burke's appeal and left Burke "without the ability to challenge his conviction and sentence by means of the direct appeal." *Halley*, *supra*. Such failure constitutes ineffectiveness *per se.* We therefore reverse the PCRA court's order denying Burke post-conviction relief and reinstate his right to file a direct appeal.[3] In so doing, we deny current counsel's motion to withdraw.

---

[2] On remand, this Court decided "the best resolution of this matter is to put [Rosado] in a position that will fully restore his direct appeal rights." *Commonwealth v. Rosado*, 160 A.3d 258 (Pa. Super. 2017) (non-precedential decision at 4).

[3] Burke acknowledges that, because he entered a guilty plea his appellate issues are limited to claims involving the court's jurisdiction, the validity of his plea, and the legality of his sentence. *See* Response, 1/31/25, at 7 (unnumbered). Nonetheless, we agree with his assertion that "competent counsel could have perfected the appeal" and reviewed "the record to determine whether there could have been a challenge to the legality of [his] sentence or the validity of the plea." *Id.* If counsel, after reviewing the record, determined that any appeal would have been frivolous, counsel could seek to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and

*(Footnote Continued Next Page)*

Upon remand, the trial court may determine if the appointment of new counsel is warranted.

Motion to Withdraw denied. Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025

---

*Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). As Burke notes, however, the possibility of any of these scenarios was precluded by appellate counsel's failure to file a docketing statement, and therefore Burke was denied his constitutional right to a direct appeal. *Rosado*, *supra*.